UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| DEBRA LEWIS, et al.,<br><br>      Plaintiffs,<br><br>v.<br><br>HOST INTERNATIONAL, INC., et al.,<br><br>      Defendants. | No. 2:21-cv-00075-JAK (SKx)<br><br>**JUDGMENT RE CLASS ACTION SETTLEMENT**<br><br>**JS-6: CASE TERMINATED** |

**<u>JUDGMENT</u>**

Consistent with the Order Granting Motion for Final Approval of Class Action Settlement (Dkt. 79), judgment is entered as follows:

1. This final judgment is entered in accordance with the terms of the parties' settlement agreement and the Order re Motion for Final Approval, and the Order for Attorney's Fees, Costs, and Service Awards.

2. The "Class" is comprised of the three subclasses as defined in the Order dated October 13, 2022 as amended by the Order dated June 3, 2024:

1

- **LWO Class**: All employees of Host who worked at Los Angeles International Airport ("LAX") from January 1, 2018 through July 1, 2019, were members of the bargaining unit represented by UNITE HERE Local 11, and who received less than the cash wage portion of the cash wage with health benefits amount under section 10.37.2(a)(2)(1) of the LWO (i.e., less than $12.08 from January 1, 2018 through June 30, 2018 and less than $13.75 from July 1, 2018 through July 1, 2019.
- **Vacation Time Class**: All employees of Host who worked at LAX and were members of the bargaining unit represented by UNITE HERE Local 11 and who were laid off or "furloughed" in March-April 2020 and were not paid out accrued but unused vacation at the time of the layoff/furlough.
- **Waiting Time Penalties Class**: Any member of the LWO Class and/or Vacation Time Class who was laid off or "furloughed" in March-April 2020.

3. The "PAGA Group" is defined as all members of the Class who are or previously were employed by Defendant at the Los Angeles International Airport during the PAGA Period, which is October 10, 2019 to November 5, 2024, the date of preliminary approval.

4. The Class and PAGA Group are referred to collectively as the "Settlement Class."

5. "Released Claims" means all wage and hour claims, rights, debts, demands, damages, liabilities and causes of action that were asserted or could have been asserted based on the factual allegations in the Second Amended Complaint, including all claims for violations of the Los Angeles Living Wage Ordinance, failure to pay out vacation time wages upon termination, waiting time penalties, wage statement penalties, and Defendant's alleged unfair business practices stemming from these alleged violations (Bus. & Prof. Code § 17200 et seq.); claims for restitution, disgorgement, and other

equitable relief, liquidated damages, or punitive damages; and attorneys' fees and expenses.

The release of claims by the Class includes claims arising under the applicable California Industrial Welfare Commission Wage Order(s), California Code of Civil Procedure § 1021.5, Los Angeles Living Wage Ordinance (L.A.A.C. § 10.37 et seq.), Los Angeles City Ordinance No. 185321, the Los Angeles Administrative Code §§ 10.37 et seq., California Labor Code sections 201, 202, 203, 204, 210, 222, 223, 225.5, 226, 226.3, 227.3, 2698 et seq. and, as it relates to claims for failure to pay minimum wage under the Los Angeles Living Wage Ordinance or failure to payout vacation upon termination, California Labor Code sections 218.5, 218.6, 510, 1174, 1174.5, 1182.12, 1194, 1194.2, 1197, 1197.1, 1198.

The release includes all Released Claims by the PAGA Group under the California Private Attorneys General Act (Cal. Lab. Code § 2698 et seq.), which occurred during the PAGA Period, that were alleged or could have been alleged based on the facts set forth in the Second Amended Complaint and/or Plaintiffs' PAGA notices to the LWDA.

6. "Released Parties" means Defendant (i.e., Host International, Inc.) and each of its respective past, present and future owners, stockholders, parent corporations, related or affiliated companies, subsidiaries, officers, directors, shareholders, employees, agents, principals, heirs, representatives, accountants, attorneys, auditors, consultants, insurers and re-insurers, and each of their company-sponsored employee benefit plans of any nature (including, without limitation, profit-sharing plans, pension plans, 401(k) plans, and severance plans) and all of their respective officers, directors, employees, administrators, fiduciaries, trustees and agents, and any individual or entity which could be jointly liable with Defendant.

7. There has been a full opportunity for all current and former Host employees who fall within the Settlement Class definition to take any or all of the following actions: object to the settlement; participate in the final approval hearing, held on May 19, 2025;

|   |   |
|---|---|
| 1 | and to exclude themselves from the Settlement. No current or former Host employee |
| 2 | covered by the Settlement Class definition submitted a Request For Exclusion. Counsel |
| 3 | for Host provided timely notice of this settlement to the appropriate state and federal |
| 4 | officials, in compliance with the requirements of 28 U.S.C. § 1715(d), and no such |
| 5 | official has raised or served written objections or concerns regarding the settlement or |
| 6 | appeared at the final fairness hearing to object to the settlement. Furthermore, counsel |
| 7 | for Plaintiffs provided notice to the Labor and Workforce Development Agency |
| 8 | ("LWDA"), in compliance with California Labor Code § 2699(s)(2), and received no |
| 9 | objections from the LWDA regarding the settlement. Accordingly, all Settlement Class |
| 10 | Members, including those identified above, are bound by this Judgment. |
| 11 |     8. Upon full and final payment by Defendant of the Maximum Settlement Amount |
| 12 | consistent with the Settlement, all Plaintiffs and Settlement Class Members shall have, |
| 13 | by operation of the Final Approval Order and this Judgment, fully, finally, and forever |
| 14 | released, relinquished, and discharged the Released Parties from the Released Claims, as |
| 15 | those terms are respectively defined in the Settlement, and are hereby forever barred and |
| 16 | enjoined from prosecuting such Released Claims against the Released Parties. |
| 17 |   |
| 18 |     9. Upon full and final payment by Defendant of the Maximum Settlement Amount |
| 19 | consistent with the Settlement, all Plaintiffs, all PAGA Group members, and the State of |
| 20 | California shall be conclusively determined to have given a release of any and all |
| 21 | released PAGA claims against any and all Released Parties for the PAGA Period, as set |
| 22 | forth in the Settlement. |
| 23 |     10. Plaintiffs, Settlement Class Members, and the State of California, and anyone |
| 24 | acting on their behalf are permanently and forever barred and enjoined from instituting, |
| 25 | commencing or continuing to prosecute, directly or indirectly, as an individual or |
| 26 | collectively, representatively, derivatively, or on behalf of himself or herself, or in any |
| 27 | other capacity of any kind whatsoever, any action in this Court, any other court or any |
| 28 |   |

arbitration, administrative, regulatory, or mediation proceeding or any other similar proceeding, against any Released Parties that asserts any claims that are Released Claims under the terms of the Settlement.

11. Consistent with the Final Approval Order, judgment is hereby entered against Defendant Host International, Inc. in the total amount of $1,775,000. From this amount, the following amounts shall be paid:

   a. The Net Settlement Amount to be paid to Settlement Class Members is $1,241,506.46. It is hereby ordered that any and all checks issued shall state on their face that, consistent with standard bank procedures, they are void if not negotiated within one hundred and eighty (180) calendar days of their issuance, and any unnegotiated checks will be deposited within the State of California Controller's Office of Unclaimed Funds in the name of the individual to whom the check had been sent and issued, according to the methodology and terms set forth in the Settlement Agreement.

   b. The PAGA Payment to the Labor & Workforce Development Agency and Aggrieved Employees in the total amount of $20,000, with $15,000 being paid to the LWDA and $5,000 being paid to Aggrieved Employees.

   c. Settlement Administration costs to Phoenix Settlement Administrators in the amount of $14,950.

   d. Service Awards in the amount of $8000 each to Class Representatives Debra Lewis and Marlene Mendoza (for a total of $16,000).

   e. Attorney's fees of $443,750.00 to Class Counsel, to be divided as follows: $44,375 to Jeremy Blasi of UNITE HERE Local 11; $199,687.50 to Teukolsky Law, APC; and $199,687.50 to Gilbert & Sackman.

   f. Attorney's costs of $38,793.54 to Class Counsel, to be divided as follows: $17,193.24 to Teukolsky Law, APC and $21,699.95 to Gilbert & Sackman.

12. Defendant shall fund the Maximum Settlement Amount pursuant to the Settlement Administrator's instructions no later than forty-four (44) days after the entry

of this Judgment, assuming no appeal is filed. If an appeal is filed, funding is to occur 14 days after a final resolution of all appeals if the Settlement is upheld on appeal. Phoenix shall distribute the settlement funds in accordance with the Settlement.

13. The action is dismissed with prejudice, and with each party to bear its own fees and costs, except as otherwise stated in this Judgment.

14. After entry of Judgment, the Court shall retain jurisdiction to construe, interpret, implement, and enforce the Settlement Agreement, the Final Approval Order, and this Judgment, to hear and resolve any contested challenge to a claim for settlement benefits, and to supervise and adjudicate any dispute arising from or in connection with the distribution of settlement benefits.

**IT IS SO ORDERED.**

Dated:  June 3, 2025

_____
John A. Kronstadt
United States District Judge